### E. D. PITTMAN *v.* GEORGE K. HOPKINS ET AL.

ASSIGNMENT FOR CREDITORS. *Judgment creditors. Costs and fees. Receiver. Code* 1892, *ch.* 8.

An assignee and receiver, under code 1892, ch. 8, where the assignment is made after the rendition and enrollment of a judgment against the assignor, is not, as against the judgment creditor, entitled to withhold commissions, costs, and fees, incurred in resisting such creditor's demand, out of the proceeds of the assigned property.

FROM the chancery court of Wayne county.

HON. N. C. HILL, Chancellor.

The decree of the court below awarded the entire fund to the judgment creditors, the same being insufficient to satisfy their claims. The judgment creditors, however, entered a remittitur of $31.57, which amount they contended covered the expenses and fees of the receiver in converting the assigned property into money, and was equal to the fees to which the sheriff would have been entitled had he made sale of the property under executions. The other facts are sufficiently stated in the opinion of the court.

*T. A. Wood,* for appellant.

It is contended by appellees (1) that the cross petitioners, by virtue of their judgment lien, had the prior right to have the funds, or so much thereof as was necessary, first applied to the satisfaction of their judgments; (2) that the receiver took possession of said property with the knowledge of their lien, and on that account had no right to claim any credit or reimbursements in and about the converting of said property into money, and cite authorities in support of their contention. But it will be seen that all such authorities apply to liens

by mortgages, deeds of trust and pledges, and the reasons in support of such rulings can have no force in a case like the one at bar. In case of a judgment lienor he cannot enforce his lien without resorting to the assistance of an officer, and in that event the officer would be allowed reasonable expenses for keeping personal property levied on by him, and the same shall be taxed as cost, and the officer may retain the same out of the money arising from the sale of the property.

"The court did not allow the receiver any fees or cost whatever, but the appellees entered remittitur in the court below of $31.57, which they·say covered all cost incurred by the receiver that would properly have been incurred by the sheriff in making the sale under execution."

The sheriff would have been entitled to, in addition to the items included in said remittitur, the following: (1) Reasonable expenses for keeping said property, (2) taking inventory of goods, (3) receiving and returning execution, (4) for levying execution, (5) for making report. The relief asked for by the receiver is no more than just and equitable.

*Cochran & Bozeman*, for appellees.

The question in the appeal is, whether or not a judgment debtor can, by a general assignment of his property which is subject to judgment liens, charge the property so incumbered with the costs incurred by the assignee in administering the assignment, under chapter 8 of the annotated code, including compensation to himself and attorney's fees, to be paid prior to the judgment liens, where the proceeds of the assigned property are insufficient to satisfy the judgment liens, and where the judgment creditors protested against the assignment.

(1) The assignee takes the property subject to all valid liens and incumbrances on it, and receives no greater interest in the property. than the assignor had. (2) The assignor could not make a sale of the property so as to effect a valid lien on it. Hence, the trustee or assignee cannot, in his effort to pay un-

secured debts, incur costs that can be paid out of the proceeds of the property upon which the lien exists, so as to deprive the lien holder of the amount of such costs. (3) The court cannot confer a right on the trustee to appropriate any of the property on which the lien exists, to the payment of such costs, to the predjudice of the lien holder. (4) The trust estate is nothing but the interest the assignor had in the property when the assignment was made. 2 Jones on Mortgages, sec. 1708; *Lithauer* v. *Royle*, 17 N. J. Eq., 40; *Kentucky National Bank* v. *Bagging Company*, 33 S. W. Rep., 106.

WOODS, C. J., delivered the opinion of the court.

On the first day of February, 1894, one D. M. McRae executed a general assignment for the benefit of creditors, with preferences, and named the appellant as assignee. The latter accepted the appointment, filed his petition and bond in the chancery court, and became its receiver, and proceeded to administer the assigned estate and to execute the trust confided to him.

Some three or four months prior to the date of the assignment, however, the appellees had obtained judgments against the assignor, in an aggregate sum which was greater than the total value of the assigned property, and these judgments (as very clearly appears from the bill of exceptions and transcript before us), had been duly enrolled, on the proper judgment roll, some months prior to the execution of the assignment. In addition, executions had been issued on these enrolled judgments, and placed in the hands of the sheriff of Wayne county for levy before the assignment was made. It is needless to say that, as there were no other judgment liens or other incumbrances of any sort on the assigned property at the date of the assignment, and, as the assignor was perfectly aware of the judgment liens of appellees when he undertook to put his property beyond their reach, and prevent the satisfaction of their liens, and, as the assignee had record notice of the liens when

he accepted the trust and entered upon its execution, and actual notice soon thereafter, the rights of these judgment lienors were not affected by the efforts of the assignor or assignee, or both, to postpone their satisfaction to that of the demands of the unsecured but preferred creditors.

The only real question, therefore, for our determination is, can the assignee, who knowingly accepted this trust, which should not and could not have been executed as attempted to be created by the assignor, and who contested with these judgment lienors their indisputable rights in the premises, and who finally lost, be permitted to charge the costs and expenses incurred by him in his effort to secure the property conveyed in the assignment to the preferred and unsecured creditors of the assignor, against the fund derived from the sale of that property? In other words, shall the costs and expenses needlessly incurred by the assignee, in litigation hostile to the judgment creditors, be wrung out of them, or shall the unsecured creditors, for whose interests the assignee accepted the trust and endeavored to execute it, be made to indemnify the assignee? The latter, manifestly. If it be objected that the assignee cannot now save himself harmless by going upon the unsecured creditors in whose behalf he fought, the answer to the objection is that it was his own folly which plunged him into unjustifiable costs and expenses, without first requiring the unsecured creditors to give security for his indemnity.

The remittitur entered by appellees for $31.57 gives to appellant all that he was entitled to receive, viewing his right to any costs and commissions most favorably.

*Affirmed.*